IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOACHIM ODUDU ADDO,

    Petitioner,

v.                                                                                 No. CV 17-925 WJ/CG

JEFF SESSIONS, et al.,

    Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** is before the Court on review of the record. On September 7, 2017, Petitioner filed a *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, by a Person Subject to Indefinite Immigration Detention* ("Petition"), (Doc. 1), and, on December 14, 2017, Respondents filed *Respondents' Answer to Petition for Writ of Habeas Corpus*, (Doc. 9). This case was reassigned to the undersigned as the pretrial judge on October 29, 2018. (Doc. 12). Having reviewed the parties' submissions, record of the case, and relevant law, the Court finds that supplemental briefing is necessary to determine how to proceed on Petitioner's claims.

In his Petition, Petitioner states he is a native and citizen of Ghana, and he was first taken into Immigration and Customs Enforcement ("ICE") custody on January 30, 2017. (Doc. 1 at 3). Petitioner states he was ordered removed by an Immigration Judge on July 6, 2017, and he appealed that decision with the Board of Immigration Appeals ("BIA"). *Id.* at 4. He challenges his continued detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231(a), because he contends his detention has exceeded the six-month limit on what is presumptively reasonable. *Id.* at 6-8.

In response, Respondents contend the Court does not have jurisdiction over this matter because Petitioner's appeal to the BIA is still pending. (Doc. 9 at 1-3). Respondents further argue that the six-month period of detention that is presumptively reasonable does not begin to run until the BIA rules on Petitioner's appeal of his removal order. *Id.* at 4-5. Therefore, Respondents argue that, even if the Court has jurisdiction, Petitioner's claim should be denied because he has not shown that he is being held in violation of the law. *Id.* at 5.

On April 25, 2018, Petitioner filed a document titled *Enquiry of Status of Habeas Corpus Petition*, (Doc. 11), in which he states the last document he had received in this case was an order granting Respondents' request for an extension of time to respond to the Petition. He further states that his appeal with the BIA was sustained and remanded to the Immigration Judge to enter a new decision. *Id.* at 1. He states the Immigration Judge again denied his asylum claim, and that he is "going to appeal the decision again at the BIA which is going to take a lot more time to resolve." *Id.* He asks the Court to grant his Petition because he has been detained for over fifteen months. *Id.*

Under 8 U.S.C. § 1226(a), a non-citizen may be arrested and detained pending a decision on whether the non-citizen is to be removed from the United States. The Court may consider habeas challenges to detention by non-citizen detainees who do not yet have a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (finding jurisdiction and then proceeding to consider the merits of habeas claim of a non-citizen who was detained during removal proceedings); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly

brought directly through habeas."). However, it is not clear how long a non-citizen may be detained during the pre-removal period.

After an order of removal becomes final, the Attorney General "shall detain" the non-citizen during the 90-day removal period established under 8 U.S.C. § 1231(a)(2) (the "removal period"). Immigrants may be detained beyond the 90-day removal period "only for a period reasonably necessary to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The Supreme Court has held that six months is a presumptively reasonable period for this "post-removal period" of detention. *Id.* at 701. Beyond that six-month period, if the non-citizen shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Based on the foregoing, to resolve whether Petitioner's continued detention violates a statute or the Constitution, the Court must determine whether Petitioner is in the pre-removal period, the removal period, or the post-removal period. The Court will therefore order supplemental briefing by the parties addressing the status of Petitioner's removal proceedings, including any arguments related to the merits of Petitioner's claim for release. In addition, based on Petitioner's statement that he had not received Respondent's answer to his Petition, the Court will order the Clerk to re-send *Respondents' Answer to Petition for Writ of Habeas Corpus*, (Doc. 9), to Petitioner at his address of record.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall re-send *Respondents' Answer to Petition for Writ of Habeas Corpus*, (Doc. 9), to Petitioner at his address of record.

3

**IT IS FURTHER ORDERED** that Petitioner shall file a supplemental brief addressing the status of his removal proceedings, including any arguments related to the merits of his claim for release, by **November 27, 2018**. Respondent shall file a response to Petitioner's supplemental brief by **December 11, 2018**, and Petitioner may file a reply by **December 26, 2018**. The parties shall support their briefs' assertions of fact with affidavits or documentary evidence.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE